IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CASEY ATES, | : | |
| Plaintiff | : | |
| VS. | : | |
| SURETY COMPANY, | : | NO. 5:16-CV-536 (CAR) |
| Defendant | : | **O R D E R** |

Plaintiff Casey Ates, an inmate at Phillips State Prison, has tendered a handwritten *pro se* document entitled "Motion for Indemnification." Although Plaintiff has not filed a complaint, in his motion, he seeks unspecified damages against "Surety Company" for his suffering a "two year loss of liberty" as a result of alleged misconduct caused by two state prison wardens and the chief of police in Cochran, Georgia. Accordingly, the Clerk's Office opened a civil action on behalf of Plaintiff.

Because Plaintiff has not paid the Court's $400.00 filing fee, the Court presumes that he wishes to proceed *in forma pauperis* in this action. However, under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

>unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding the provision does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998). Moreover, the prisoner must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception to section 1915(g).  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

As Plaintiff is aware from his other federal lawsuits, he is subject to the "three strikes" provision.  *See Ates v. Deal*, 1:16-cv-2696-TWT-JCF (N.D. Ga. July 29, 2016) (listing strikes); *Ates v. Arnold*, 1:16-cv-604-UNA (D.D.C. Apr. 1, 2016) (same); *Ates v. Adams*, 6:15-cv-100-JRH-RSB (S.D. Ga. Jan. 12, 2016) (same).  Because Plaintiff has more than three strikes, he cannot proceed *in forma pauperis* in the instant case unless he qualifies for the "imminent danger of serious physical injury" exception to section 1915(g). Plaintiff's allegations patently do not satisfy the "imminent danger of serious physical injury" exception.

Based on the foregoing, Plaintiff's presumed request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**.  If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the entire $400.00 filing fee.  As the Eleventh Circuit has stated, "a

prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

**SO ORDERED**, this 16th day of DECEMBER, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT